|  | AUSA: Jessica Currie | Telephone: (313) 226-9100 |
|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Special Agent: Mark Jackson, A.T.F. | Telephone: (313) 202-3400 |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
v.
Ryan Vandenriessche

Case No.

Case: 2:20-mj-30477
Assigned To : Unassigned
Assign. Date : 11/9/2020
Description: USA V. SEALED
MATTER (CMP)(MEV)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __November 9, 2020__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 924(a)(1)(A) | Making false statements in FFL's records |
| 18 U.S.C. § 922(a)(6) | Making false stateements to a licensee to obtain firearms |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Mark Jackson, A.T.F.
Printed name and title

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: November 9, 2020

City and state: Detroit, Michigan

_____
Judge's signature

Hon. Kimberly Altman, U.S. Magistrate Judge
Printed name and title

## **AFFIDAVIT**

I, Mark A. Jackson, being duly sworn, hereby state the following:

### I. INTRODUCTION AND AGENT BACKGROUND

1. I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives in Detroit, Michigan since 2000. Prior to this, I was employed as a Senior Customs Inspector with the United States Customs Service in Detroit, Michigan for approximately three and a half years. Along with other training I have received, I am a certified law enforcement instructor and regularly teach firearms trafficking courses to ATF and other agencies both at the ATF Academy and at advanced firearms trafficking training courses. I have participated in hundreds of investigations involving violations of federal firearms and narcotics laws, resulting in the arrest and convictions of numerous criminal defendants and the seizure of large quantities of firearms.

2. I make this affidavit from personal knowledge based on my participation in this investigation, including witness interviews by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

1

3.     I am conducting an investigation into violations of 18 U.S.C. § 922(a)(6) (false statement during purchase of a firearm) and 18 U.S.C. § 924(a)(1)(A) (making a false statement in a Federal Firearms Licensee's records) committed by Ryan VANDENDRIESSCHE.

4.     This affidavit is being submitted in support of an application for an arrest warrant for VANDENDRIESSCHE.

## II.     PROBABLE CAUSE

5.     In September 2020, I discovered that VANDENDRIESSCHE had recently purchased 25 firearms over approximately three months from seven different Federal Firearms Licensees (FFLs) in the metro Detroit area. Furthermore, VANDENDRIESSCHE has not registered eight of these handguns with the State of Michigan, as required by state law.

6.     On October 8, 2020, I learned that a RGuns KTA15, 5.56 caliber handgun bearing serial number YYZB-000861, purchased by VANDENDRIESSCHE, had been recovered by the Detroit Police Department in a stolen vehicle on September 30, 2020. This firearm was purchased by VANDENDRIESSCHE on August 25, 2020 at Top Gun Shooting Sports in Taylor, Michigan, with a time-to-crime of 36 days.

7.     On October 19, 2020, I learned that the Glock model 21, .45 caliber handgun bearing serial number AETS624, purchased by VANDENDRIESSCHE,

2

had been recovered by the Detroit Police Department on September 29, 2020. This firearm was purchased by VANDENDRIESSCHE on September 14, 2020 at Downriver Guns and Ammo in Brownstown, Michigan, with a time-to-crime of 15 days.

8. I spoke with representatives at five of the FFLs, who all described the same scenario when VANDENDRIESSCHE purchased his firearms. I also reviewed several pieces of surveillance footage from five of the FFLs who still had video of at least one of VANDENDRIESSCHE's purchases, and all of the purchases and videos exhibit the same pattern. VANDENDRIESSCHE is always driven to the FFL by an unidientified person, multiple times arriving in a red Chevrolet Monte Carlo or a black Dodge Challenger. VANDENDRIESSCHE is always a passenger, along with another unidentified black male passenger with long hair. VANDENDRIESSCHE and the unidentified black male will often enter the store separately and browse the store as if they do not know each other. Occasionally, the two men will be seen on video talking briefly before going their separate ways. One FFL representative stated that he/she observed the two men and heard them talking to each other as if they do not know each other, asking what they are shopping for and making similar small talk. In all of these videos, VANDENDRIESSCHE purchases a firearm, he and the unidentified black male exit the store separately, the

3

two men get in the same vehicle that they arrived in, and they are driven away by an unknown driver who cannot be seen in any of the videos.

9. I have reviewed the ATF Forms 4473 for the 25 firearms that VANDENDRIESSCHE purchased, all of which list his address as 15002 Knollway or 15002 Kinollway, Romulus, Michigan. I have interviewed the residents at 15002 Knoll Way, who state that they have lived there since approximately January 2020 and do not know VANDENDRIESSCHE, but they do occasionally get mail for him. I have also spoken with the resident directly next door to 15002 Knoll Way, who stated that he has lived in that apartment for approximately one year and did not recognize VANDENDRIESSCHE when I showed him a current Secretary of State photo of VANDENDRIESSCHE.

10. On September 28, 2020, I called VANDENDRIESSCHE in an attempt to set up an interview with him. VANDENDRIESSCHE was very evasive and stated that he was out of town visiting family, would not elaborate on where he was, and did not know when he would be back.

11. On September 29, 2020, I received a voicemail message from VANDENDRIESSCHE who stated, "This is Ryan calling you back, I'm trying to figure out why you keep trying to investigate me when my shit's like . . . it's stolen, it's probably stolen and shit, I haven't been home. I've been calling around about it too . . . called Taylor, called all them . . . ."

4

12. I queried VANDENDRIESSCHE's firearms in LEIN and none have been reported stolen.

13. Industry Operations Investigator (IOI) Karen Sharpe queried the Federal Licensing System, which revealed that VANDENDRIESSCHE does not have a Federal Firearms License permitting him to repetitively buy and sell firearms.

14. To purchase a firearm, the purchaser must fill out a federal form entitled "Firearms Transaction Record," or ATF Form 4473. On every Form 4473, question 11.a. asks whether the individual filling out the form is the "actual transferee/buyer," and warns that "You are not the actual transferee/buyer if you are acquiring the firearm(s) on behalf of another person." Under federal law, with a few exceptions (i.e. gifts), the purchaser is not allowed to purchase a firearm for someone else. This is called a "straw purchase" and violates 18 U.S.C. § 922(a)(6), which prohibits making a false statement during the purchase of a firearm.

15. I have acquired all ATF Forms 4473 completed by VANDENDRIESSCHE between August 25, 2020 and September 16, 2020. On each, VANDENDRIESSCHE indicated that he was the "actual transferee/buyer" of the firearm.

16. Another section of the ATF Form, located directly above the purchaser signature line, informs the purchaser of specific federal violations that pertain to firearm purchases. This section also asks about truthfulness on responses to the

5

earlier questions. It states, "I further understand that the repetitive purchase of firearms for the purpose of resale for livelihood and profit without a Federal firearms license is a violation of Federal law (see instructions for Question 14)." The instructions for Question 14 pertain to the federal statute 18 U.S.C. § 922 (a)(1)(A), which makes it unlawful for a person to deal in firearms without a license. A person is engaged in the business of dealing in firearms if he/she devotes time, attention, and labor to dealing in firearms as a regular course of trade or business with the principal objective of livelihood and profit through the repetitive purchase and resale of firearms.

17. Furthermore, federal law requires the FFL to maintain these records for ATF, and the information contained in the records supplied by the purchaser must be correct. In Section A, question 2, the form asks for the purchaser's current residence address. In each of these forms, VANDENDRIESSCHE completed the form and claimed that his current address is 15002 Knoll Way, Romulus, Michigan.

18. VANDENDRIESSCHE has purchased multiple firearms—many of similar or identical make and model—over the past three months. Based on my training and experience, and daily interation with the firearms trade, none of the firearms purchased by VANDENDRIESSCHE have any collector's value. In fact, many of the firearms that VANDENDRIESSCHE purchased are among the most commonly recovered crime guns in the Detroit area.

6

19. I know, based on my training, experience, and past firearms trafficking investigations, that individuals who purchase multiples of inexpensive handguns, particularly over a short period of time, are often illegal firearms dealers. I know from my training and experience, having traced hundreds of firearms and based on my almost daily interaction with firearms and the firearms industry, that a great majority of firearms purchased by VANDENDRIESSCHE fit into this illegal trafficking category.

20. Of the 25 firearms referenced in paragraph 5 that were purchased by VANDENDRIESSCHE, 23 are handguns and two are rifles. Handguns must be registered with the State of Michigan, as required by state law. VANDENDRIESSCHE registered 15 of the 23 handguns he purchased, showing that he is aware of Michigan's firearms registration requirement. Yet he failed to register the remaining eight handguns. I know that this failure to register some firearms is often done in an attempt to avoid law enforcement detection and scrutiny if trafficked firearms are recovered.

### III. CONCLUSION

21. Based on these facts, I have probable cause to believe that VANDENDRIESSCHE provided a false address and falsely claimed to be the actual purchaser of a firearm on multiple ATF Forms 4473 in violation of 18 U.S.C. § 924(a)(1)(A) (making false statements in an FFL's records) and 18 U.S.C. § 922(a)(6) (making false statements to a licensee to obtain firearms).

Respectfully Submitted,

_____
Mark A. Jackson
Special Agent, ATF

_____
Hon. Kimberly Altman
United States Magistrate Judge

DATE:   November 9, 2020